# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **FLOOR AND DECOR OUTLETS OF AMERICA, INC.**, a Delaware Corporation, <br><br> Plaintiff, <br> v. <br><br> **HADI M. TAFFAL d/b/a GRANITE FLOOR & DECOR,** <br><br> Defendants. | § § § § § § § § § § § § **CASE NO. 4:17CV879-ALM-KPJ** |

### CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the Memorandum Adopting Report and Recommendation of United States Magistrate Judge filed in this matter this date and pursuant to the parties' agreement to resolve and settle the controversy between them on a permanent and final basis without trial or any further proceedings herein, it is hereby,

**ORDERED, ADJUDGED, and DECREED** that the Consent Final Judgment and Permanent Injunction (Dkt. 10-1)) is **APPROVED** based on the following:

This Court has subject-matter jurisdiction over the Lanham Act claims set forth in the complaint pursuant to 28 U.S.C. §§1331and1338(a)-(b) and 15 U.S.C. § 1121(a), and over the related state statutory and common-law claims under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

Plaintiff is a corporation duly organized and existing under the laws of the state of Delaware and having its principal place of business at 2233 Lake Park Drive, Suite 400, Smyrna, Cobb County, Georgia, 30080.

Defendant Hadi M. Taffal is an individual residing at 1055 Big Spring Drive, Allen, Collin County, Texas, 75013. Defendant has done business as Granite Floor & Decor, which has its principal place of business at 1314 West McDermott Drive, Allen, Collin County, Texas, 75013, providing, *inter alia*, kitchen, bathroom, and related home remodeling services featuring granite countertops, tiles and flooring, and wood and porcelain flooring.

Defendant acknowledges that he was personally served with the Summons and Complaint in this action on December 29, 2017, and, for purposes of this action, does not contest the personal jurisdiction of this Court with respect to the subject matter of this action.

Defendant has not yet answered the Complaint herein but hereby makes a general appearance by and through his attorney.

Plaintiff is the owner of federal trademark registrations in the U.S. Patent and Trademark Office for the word mark FLOOR & DECOR (Reg. Nos. 3,110,827 and 4,309,117). In addition, Plaintiff is the owner of federal trademark registrations for:

(a) the FLOOR & DECOR Horizontal Logo (Reg. No. 4,514,307);

(b) the FLOOR & DECOR Stacked Logos (Reg. Nos. 3,102,586 and 3,848,810, the former being lined for the color red);

(c) the FLOOR & DECOR Red Logo (Reg. No. 4,583,757); and

(d) the Ampersand Logo (Reg. No. 3,046,691, lined for the color red) (collectively, "the FLOOR & DECOR Marks"). *See* Dkt. 10-1.

These FLOOR & DECOR Marks are registered for, *inter alia*, use in connection with retail store services featuring flooring materials, wallcoverings, and related home-improvement accessories. The foregoing Registration Nos. 3,110,827; 3,102,586; and 3,848,810 have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

In addition to the aforementioned federal trademark registrations, Plaintiff is the owner of Texas state trademark Registration No. 800,392,373 for the mark FLOOR DECOR for use with "sales, installation and service of carpet, ceramic tile, wood floor, laminates, vinyl, stone, marble and granite."

Plaintiff owns and operates a chain of eighty-four (84) retail flooring and home decorating products stores nationwide under its FLOOR & DECOR Marks, including five (5) stores in the metropolitan Dallas area. As a result of Plaintiff's long and continuous use and promotion of the FLOOR & DECOR Marks in connection with retail store services and on-line store services, the FLOOR & DECOR Marks have become distinctive of Plaintiff's services and serve to identify Plaintiffs services and to distinguish them from the services of others across the United States, including in the metropolitan Dallas area.

Plaintiff's FLOOR & DECOR Marks are valid, strong marks entitled to a broad scope of protection. Any unauthorized use of Plaintiff's Marks by Defendant is likely to cause confusion, mistake, and deception of consumers and the trade as to the source, sponsorship, approval and affiliation of the parties' goods and services, and would inflict irreparable injury on Plaintiff if not permanently enjoined.

Accordingly, the Consent Final Judgment and Permanent Injunction is hereby entered as set forth below:

A. Defendant-Hadi Taffal, and his officers, directors, shareholders, employees, agents, representatives, subsidiaries, affiliates, successors, and assigns, and all persons in concert or participation with him in connection with his business, shall cease by February 9, 2018, and are permanently enjoined from:

(1) Using in commerce in connection with any business any service mark, trademark, corporate or business name, trade name, or domain name, or other designation that:

(a) contains both the words "floor" and "decor," or any variations or symbols of those words, such as "flooring," "décor," or "decoration," by way of illustration but not limitation; or,

(b) begins with the word "floor," or any variation of that word, and that is immediately followed by either the word "and" or an ampersand ("&"); or,

(c) contains an ampersand character ("&") that is in type larger than the largest type size used in connection with the word portion of the mark; or,

(d) contains or uses any of Plaintiff's FLOOR & DECOR Marks, or colorable imitations thereof, which are likely to cause confusion, deception, or mistake, or to dilute the distinctive quality of the Plaintiff's name or marks or otherwise to trade upon or injure the reputation or the goodwill of Plaintiff.

(2) The provisions of the preceding section, Section A(1)(a)-(d), inclusive, shall apply to any manner of use in commerce by Defendant, including by way of illustration but not limitation, all exterior and interior store signage, advertising, promotional materials, labeling, key word advertising, metatags, top level domain names or secondary domain name addresses, Internet websites, or trademark, trade name, or assumed name applications and registrations.

(3) Notwithstanding Section A(1)-(2), Defendant may refer to his business's former name in one-on-one communications with pre-existing vendors, customers, contractors, or other business associates for the purpose of informing them of the change in name and transitioning to the new name for a period of one (1) year following entry of the Consent Final Judgment and Permanent Injunction.

B. Subject to Section A(1)(a)-(d), Plaintiff acknowledges that Defendant's use of the exact term "Granite Floor and Remodeling" or "Granite Floor & Remodeling" as a corporate name, trade name, trademark, service mark, or other designation of origin is not an infringement of any of rights in its Marks; nor is it a violation of the Consent Final Judgment and Permanent Injunction.

C. By February 16, 2018, Defendant shall call, and within ten (10) days thereafter follow such call with an appropriate written notice to the business office(s) of the telephone companies with which Defendant's business has telephone service under the name "Granite Floor & Decor," requesting such telephone companies: (i) change the listing for all phones listed in the name of "Granite Floor & Decor" to Defendant's new business name; and (ii) request that each yellow or white pages directory service which has a current telephone listing of "Granite Floor & Decor," change the listing for "Granite Floor & Decor" to Defendant's new business name.

D. The jurisdiction of this Court is retained for the purpose of making or entering any further orders necessary or proper for the construction or modification of this Consent Final Judgment and Permanent Injunction, and/or the enforcement hereof.

E. Each party shall bear its own costs and fees incurred in connection with this matter.

F. Once entered, the Consent Final Judgment and Permanent Injunction is a final judgment and each party thereby waives all rights to appeal from such final judgment.

**IT IS SO ORDERED**.

**SIGNED this 19th day of March, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE